**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SUCRE ALMANZAR-ALBA,** | **:** | |
| **Petitioner,** | **:** | **CIVIL ACTION NO. 3:26-2549** |
| **v.** | **:** | **(JUDGE MANNION)** |
| **ANGELA HOOVER, *et al*.,** | **:** | |
| **Respondents.** | **:** | |

## MEMORANDUM

Pending before the Court is Sucre Almanzar-Alba's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, Petitioner's petition will be **DENIED WITHOUT PREJUDICE**.

### I. BACKGROUND

Petitioner is a citizen and national of the Dominican Republic. (Doc. 4-2 at 2). He was admitted to the United States at New York, NY on or about May 14, 2016, as an IR1 lawfully admitted permanent resident. *Id.* at 3. On September 23, 2022, Petitioner was convicted of Distribution and Possession with the Intent to Distribute Fentanyl, in violation of 21 U.S.C. §841(B)(1)(A), which resulted in a sentence of 60 months of imprisonment. *Id.* at 2; (Docs. 4-2 at 3, 4-6). On November 8, 2022, ICE Enforcement and Removal Operations ("ERO") encountered Petitioner through the Criminal

Alien Program ("CAP"). *Id.* at 3. At the time of the encounter, he was incarcerated by the Bureau of Prisons ("BOP") at FCI Allenwood Low in White Deer, Pennsylvania. *Id.* Officers established probable cause that Petitioner is an alien who is removable from the United States pursuant to Immigration and Nationality Act ("INA") §237(a)(2)(A)(iii), because he had been convicted of an aggravated felony as defined in §101(a)(43)(A). *Id.*

On August 3, 2023, Petitioner was served a Notice to Appear ("NTA") before an immigration judge ("IJ"). (Doc. 4-2 at 3). On June 25, 2024, IJ William McDermott granted Petitioner's application for deferral of removal and ordered Petitioner removed. (Doc. 4-4 at 7). In IJ McDermott's order, Petitioner was notified that he had thirty days to appeal the decision. *Id.* Petitioner did not file an appeal, so his order of removal became administratively final on July 25, 2024. *See* EIOR Automated Case Information, A-Number 064-964-401, Nationality: Dominican Republic (last accessed on October 2, 2026).

On April 17, 2026, Petitioner completed his criminal confinement and was taken into immigration custody to await deportation. (Doc. 1, ¶23). On April 22, 2026, Petitioner was notified that ICE intends to remove him to Mexico. (Doc. 4-5 at 2). On September 4, 2026, Petitioner filed the instant petition. (Doc. 1). On September 23, 2026, Respondents filed a response to

the petition. (Doc. 4). On September 30, 2026, Petitioner filed a traverse. (Doc. 5). Accordingly, the petition is now ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

## III. DISCUSSION

### a. Jurisdiction

The Court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited in some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states that:

> Except as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. §1252(g). Here, the Court's jurisdiction is not barred by §1252(g) as the petition does not challenge the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the court of jurisdiction "only to [these] three discrete actions[.]").

§1252(b)(9) states that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). Here, the Court's jurisdiction is not barred by §1252(b)(9) as the petition does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that

§1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process[.]").

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the Court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as the petition does not challenge a discretionary detention choice. *See Patel v. O'Neil*, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) ("section 1252(a)(2)(B)(ii) is inapposite because the Respondents' 'statutory detention power is "not a matter of discretion" to which §1252(a)(2)(B)(ii) applies[.]'") (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

**b. Exhaustion of administrative remedies**

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)).

Here, further administrative review would be pointless, as Petitioner is detained under 8 U.S.C. §1231, which precludes immigration judges from holding a bond hearing. *See Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022) (holding that the Government is not required to offer bond hearings after six months of detention to noncitizens held beyond the 90-day removal period set by §1231.).

**c. Merits**

Petitioner argues that his detention has become unlawfully prolonged and that he, therefore, should be released from custody. When an immigration detainee has been given a final order of removal, his detention is governed by 8 U.S.C. §1231. Under the statute, the Government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. §1231(a)(1)(A). This ninety day "removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final[;] (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order[;] (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. §1231(a)(1)(B).

In *Zadvydas v. Davis*, the Supreme Court held that the Government may not detain aliens indefinitely following a final order of removal. 533 U.S.

678, 689 (2001). Indeed, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. However, the court noted that it "doubt[ed] that when Congress shortened the removal period to 90 days in 1996 it believed that all reasonably foreseeable removals could be accomplished in that time." *Id.* at 701. Accordingly, the court reasoned that detention for up to 6 months following a final order of removal is "presumptively reasonable." *Id.* "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Further, "for detention to remain reasonable, as the period of prior postremoval grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

Here, Petitioner's order of removal became administratively final on July 25, 2024. (Doc. 4-4 at 7); 8 C.F.R. §1241.1(c) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time."). While he was subject to a final order of removal for over two years, Petitioner did not enter ICE custody until April 17, 2026. (Doc. 1, ¶23). Therefore, his detention under §1231 is still within the 6-month

"presumptively reasonable" period. *Zadvydas*, 33 U.S. at 701. Moreover, there is not yet any reason to believe he will not be deported in the reasonably foreseeable future. Accordingly, at this time, Petitioner's detention is not unconstitutionally prolonged. *Id.*

## IV. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **DENIED WITHOUT PREJUDICE**. An appropriate order shall be issued.

s/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 7, 2026**
26-2549-01